IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**RODNEY DOTSON,**

      **Plaintiff,**

v.                                          Case 2:18-cv-02066-JTF-cgc

**FAYETTE COUNTY SCHOOLS,**
**MARLON KING, NEKITA JOHNSON,**
**JOHN DOES 1-5, JANE DOES 1-5,**

      **Defendants.**

---

**REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING**
**PURSUANT TO 28 U.S.C. § 1915**

---

Before the Court is Plaintiff's *pro se* Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Section 1983"), which must be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) ("Section 1915") as Plaintiff is proceeding *in forma pauperis*. The Section 1915 Screening has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

    **I.**    **Introduction**

On January 26, 2018, Plaintiff filed his *pro se* Complaint under seal. Plaintiff, who it appears was formerly a teacher at Fayette County Schools, alleges that he experienced a "climate of hostility and harassment" while working under his immediate supervisor, Nekita Johnson.

Plaintiff alleges that Superintendent King was notified in writing of the issue, assured Plaintiff that he would protect him from the "unrestrained hostility," but, instead, was secretly directing Johnson.

Plaintiff further alleges that a minor student filed a "false complaint" against him. Plaintiff claims that the student accused him of punching him in his "private parts / penis" and that the incident occurred in a room with other students. Plaintiff alleges that an investigation ensued in which only one witness, who was named by the charging student, was relied upon. Plaintiff alleges that the school did not follow "investigative protocol" and "the child was taken at his word." Plaintiff alleges that, had "correct administrative protocol" been followed, "all administrators in the chain of command would [have immediately] known of the falsity of the allegation." Plaintiff alleges that he was charged with "physical sexual assault" and that Johson told the students, teachers, and substitute teachers that he would not be returning. Plaintiff alleges that this led to him suffering ridicule and being called a "pedophile" and "molester."

## II.     Proposed Analysis

Plaintiff's Complaint alleges violations of her civil rights pursuant to Section 1983. Pursuant to Section 1915, in proceedings *in forma pauperis*, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

To successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). Here, it is RECOMMENDED that Plaintiff fails to allege the deprivation of a right secured by the Constitution or law of the United States. Specifically, Plaintiff's Complaint neither asserts such a violation nor do the facts asserted therein raise one. Thus, it is RECOMMENDED that Plaintiff's Complaint fails to state a claim upon which relief may be granted pursuant to Section 1983.

Furthermore, Plaintiff's Complaint reads as if it is more akin to claims under Title VII, 42 U.S.C. § 2000e, and defamation; however, even if the Court were to attempt to construe such claims from the Complaint, these too must fail as a matter of law. As to Plaintiff's Complaint of a "climate of hostility and harassment" at his workplace, which follows terminology typically used in the Title VII context, and his allegedly unjust employment termination, Plaintiff does not allege that he is a member of a protected class. 42 U.S.C. § 2000e-2(a)(1). Further, Plaintiff has not exhausted the administrative remedies to pursue such a claim. 42 U.S.C. § 2000e-5. As to Plaintiff's claim that he suffered ridicule as a result of the allegedly botched investigation into the allegations that he assaulted a minor student, while Plaintiff has alleged damages in excess of $75,000.00, he has not alleged diversity of citizenship sufficient for this Court to exercise jurisdiction over such a claim. 28 U.S.C. § 1332.

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See, *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

Signed this 7th day of November, 2018.

        s/ Charmiane G. Claxton
        CHARMIANE G. CLAXTON
        UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**